FILED

2007 Apr-02  PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (Western Division)

| | | |
|---|---|---|
| Da-Heem Rodgers, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| Averitt Express, Inc., | ) | **7:06-CV-01980-UWC** |
| Defendant. | ) | |

## ANSWER

Defendant, Averitt Express, Inc. ("Averitt"), for its Answer to Plaintiffs' [Second Amended] Complaint, states as follows:

## Jurisdiction

1.     Averitt admits that plaintiffs' claims are made pursuant to the federal statutes cited in this paragraph and that this Court has subject matter jurisdiction over all claims set forth in the Amended Complaint.  Averitt denies any violation of the statutes relied upon by plaintiffs, and denies that this case is appropriate for certification as a collective action pursuant to 29 U.S.C §216(b).

## 2.     Parties & Venue

3.     Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  Averitt admits that Mr. Rodgers was employed by Averitt and worked out of the MBUSI plant located in Vance, Alabama up until the time of his termination on or about June 30, 2006.

#3311556

The remainder of the allegations in this paragraph are admitted.

4.      Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

5.      Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  Averitt admits that Mr. Moore was employed by Averitt and worked out of the MBUSI plant located in Vance, Alabama up until the time of his termination on or about August 29, 2006.  The remainder of the allegations in this paragraph are admitted.

6.      Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

7.      Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

8.      Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

9.      Averitt does not possess sufficient information to admit or deny the

stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

10.     Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

11.     Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph. Averitt admits that Mr. Morrison was employed by Averitt and worked out of the MBUSI plant located in Vance, Alabama up until the time of his termination on or about October 25, 2006. The remainder of the allegations in this paragraph are admitted.

12.     Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

13.     Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph. Averitt admits that Mr. Goff was employed by Averitt and worked out of the MBUSI plant located in Vance, Alabama up until the time of his termination on or about November 17, 2006. The remainder of the allegations in this paragraph are admitted.

14.     Averitt does not possess sufficient information to admit or deny the

stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

15.    Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

16.    Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

17.    Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

18.    Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

19.    Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

20.    Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of

the allegations in this paragraph are admitted.

21.    Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph.  The remainder of the allegations in this paragraph are admitted.

22.    Averitt does not possess sufficient information to admit or deny the stated residence of the individual referenced in this paragraph. Averitt admits that Mr. Harris was employed by Averitt and worked out of the MBUSI plant located in Vance, Alabama up until the time of his termination on or about February 16, 2007. The remainder of the allegations in this paragraph are admitted.

23.    The allegations set forth in the paragraph are admitted.

## Factual Allegations

24.    Averitt admits that it provides in-bound transportation services to MBUSI at its Vance, Alabama plants.  Averitt denies that it currently employees more than 150 drivers who perform such services (referenced hereafter as "MBUSI drivers").  Averitt admits that a substantial number of the MBUSI drivers are assigned routes which require them to drive from a warehouse jointly operated by Averitt and AI3 to the MBUSI plants.  Averitt admits that the AI3 warehouse is located in close proximity to the MBUSI plants.  Averitt admits that some of the MBUSI drivers make runs to MBUSI suppliers, and that many, but not all, of these

suppliers are located within Alabama.[1]  Averitt admits that some of the MBUSI drivers are assigned to operate yard trucks on MBUSI property and/or at the AI3 warehouse (such drivers are hereafter referred to as "switchers"), and that some of the switchers are not required to leave MBUSI property in carrying out their duties. All allegations in this paragraph inconsistent with the foregoing are denied.

25.    Averitt admits that the MBUSI drivers report to work at MBUSI in Vance, Alabama, that they are paid on an hourly basis, and that the work production schedules for some of the MBUSI drivers are tied to MBUSI's production schedule.  Averitt denies that the MBUSI drivers function as the inventory system for MBUSI.  Averitt admits that some of the MBUSI drivers make runs back and forth from the AI3 warehouse and/or local suppliers with parts that are needed to manufacture vehicles.  Averitt admits that some of the MBUSI drivers—namely, some of the switchers—remain on MBUSI premises while performing their job duties.  Averitt denies that that allegations set forth herein with respect to route assignments and job duties of some MBUSI drivers are applicable to all MBUSI drivers, or all of the plaintiffs and putative plaintiffs in this action.  All allegations in this paragraph inconsistent with the foregoing are denied.

---

[1] For purposes of its further responses to the plaintiffs' allegations set forth herein, Averitt will assume that the phrase "local suppliers" as used in the Amended Complaint refers to suppliers of

26.    Averitt denies that all MBUSI drivers are assigned to and remain on routes for "extended periods of time," insofar as all routes are bid every six months, MBUSI drivers may request route changes and/or be assigned to open routes prior to the end of the six-month period, and all MBUSI drivers are subject to being assigned to cover routes of absent employees.   Averitt denies that all routes assignments for MBUSI drivers are within the State of Alabama, and further denies that all plaintiffs and putative plaintiffs in this action are currently assigned to routes that keep them within the state of Alabama.  Averitt admits that many MBUSI drivers are assigned routes traveling to facilities located with 50 miles of MBUSI, but denies that a "vast majority" of MBUSI drivers are assigned such routes.  Averitt admits that, for some MBUSI drivers, depending on their route assignments,  a typical work shift involves multiple trips from the AI3 warehouse or from a local supplier to the MBUSI facility, but denies that this would be a typical work shift for all MBUSI drivers.   All allegations in this paragraph inconsistent with the foregoing are denied.

27.    Averitt admits that it does not pay the MBUSI drivers overtime for hours worked over 40 in a workweek, and that some of the MBUSI drivers have complained about not being paid overtime.  Averitt denies that the MBUSI drivers are entitled to receive overtime pay for hours worked over 40 in a workweek, and

---

the MBUSI plants which are located within Alabama.

denies that it has violated the FLSA by not paying the MBUSI drivers overtime. All allegations in this paragraph inconsistent with the foregoing are denied.

28.    Averitt admits that Mr. Rogers worked for Averitt as a MBUSI driver up until his voluntary termination on or about June 30, 2006, that he reported to work at the MBUSI facility, and that he was paid on an hourly basis.  Averitt admits that Mr. Rogers typically worked within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Rogers. Averitt denies the allegations in this paragraph regarding Mr. Rogers' route assignment at the time of his termination, except that Averitt admits that Mr. Rogers' route assignment at the time of his termination did not require him to cross state lines. Averitt admits that Mr. Rogers was not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

29.    Averitt admits that Mr. Mahan works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis.  Averitt admits that Mr. Mahan typically works within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to

record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Mahan.   Averitt admits the allegations in this paragraph regarding Mr. Mahan's current route assignment. Averitt admits that Mr. Mahan is not paid overtime for hours worked over 40 during a workweek.   All allegations in this paragraph inconsistent with the foregoing are denied.

30.    Averitt admits that Mr. Welch worked for Averitt as a MBUSI driver up until the time of his termination on or about October 26, 2006, that he reported to work at the MBUSI facility, and that he was paid on an hourly basis.  Averitt denies that Mr. Welch typically worked within the range of hours per week set forth in this paragraph at the time of his termination, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Welch.   Averitt admits the allegations in this paragraph regarding Mr. Welch's route assignment at the time of his termination. Averitt admits that Mr. Welch was not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

31.    Averitt admits that Mr. Moore worked for Averitt as a MBUSI driver.

up until the termination of his employment on or about August 29, 2006, that he reported to work at the MBUSI facility, and that he was paid on an hourly basis. Averitt denies that Mr. Moore's average weekly hours worked on his route assignment at the time of his termination fell within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Moore. Averitt admits the allegations in this paragraph regarding Mr. Moore's route assignment at the time of his termination. Averitt admits that Mr. Moore was not paid overtime for hours worked over 40 during a workweek. All allegations in this paragraph inconsistent with the foregoing are denied.

32.    Averitt admits that Mr. Kelly works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis. Averitt denies that Mr. Kelly's average weekly hours on his current route assignment fall within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Kelly. Averitt admits the allegations in this paragraph regarding Mr. Kelly's current route assignment.

Averitt admits that Mr. Kelly is not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

33.     Averitt admits that Mr. Hardy works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis.  Averitt denies that Mr. Hardy's average weekly hours on his current route assignment fall within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Hardy.  Averitt admits the allegations in this paragraph regarding Mr. Hardy's current route assignment. Averitt admits that Mr. Hardy is not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

34.     Averitt admits that Mr. Spencer works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis.  Averitt denies that Mr. Spencer's average weekly work hours on his current route assignment fall within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of

employment by all MBUSI drivers, including Mr. Spencer.  Averitt admits the allegations in this paragraph regarding Mr. Spencer's current route assignment. Averitt admits that Mr. Spencer is not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

35.  Averitt admits that Mr. Green worked for Averitt as a MBUSI driver up until the termination of his employment on or about July 21, 2006, that he reported to work at the MBUSI facility, and that he was paid on an hourly basis.  Averitt denies that Mr. Green's average weekly hours worked on his route assignment at the time of his termination fell within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Green.  Averitt admits the allegations in this paragraph regarding Mr. Green's route assignment at the time of his termination. Averitt admits that Mr. Green was not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

36.   Averitt admits that Mr. Henry works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly

basis. Averitt denies that Mr. Henry's average weekly work hours on his current route assignment fall within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Henry. Averitt admits the allegations in this paragraph regarding Mr. Henry's current route assignment, except that Averitt denies that each roundtrip Mr. Henry makes on is route is approximately 15 miles. Averitt admits that Mr. Henry is not paid overtime for hours worked over 40 during a workweek. All allegations in this paragraph inconsistent with the foregoing are denied.

37.    Averitt admits that Mr. Gunter is currently employed by Averitt, that he reports to work at the MBUSI facility, and that he is not paid overtime for hours worked over 40 during a workweek. Averitt denies the remainder of the allegations in this paragraph.

38.    Averitt admits that Mr. Jackson works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis. Averitt admits that on his current route assignment Mr. Jackson typically works within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records

reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Jackson.  Averitt admits the allegations in this paragraph regarding Mr. Jackson's current route assignment. Averitt admits that Mr. Jackson is not paid overtime for hours worked over 40 during a workweek. All allegations in this paragraph inconsistent with the foregoing are denied.

39.    Averitt admits that Ms. Williams works for Averitt as a MBUSI driver, that she reports to work at the MBUSI facility, and that she is paid on an hourly basis.  Averitt denies that Ms. Williams' average weekly work hours on her current route assignment fall within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Ms. Williams.  Averitt admits the allegations in this paragraph regarding Ms. Williams' current route assignment. Averitt admits that Ms. Williams is not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

40.    Averitt admits that Mr. Morrison worked for Averitt as a MBUSI driver up until his termination on or around October 25, 2006, that he reported to work at the MBUSI facility, and that he was paid on an hourly basis.  Averitt

denies that Mr. Morrison's average weekly work hours on his route assignment at the time of his termination fall within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Morrison.  Averitt denies the allegations in this paragraph regarding Mr. Morrison's route assignment at the time of his termination, except that Averitt admits that the route assignment did not require him to cross interstate lines. Averitt admits that Mr. Morrison was not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

41.     Averitt admits that Mr. Hill works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis. Averitt denies that on his current route assignment Mr. Hill typically works within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Hill.  Averitt denies that Mr. Hill's current route assignment does not require him to leave the MBUSI facility. Averitt admits that the route does not require Mr. Hill to cross interstate lines.  Averitt denies that during his shift Mr.

Hill runs multiple trips from one MBUSI plant to another. Averitt admits that Mr. Hill is not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

42.    Averitt admits that Mr. Goff worked for Averitt as a MBUSI driver up until the termination of his employment on or about November 17, 2006, that he reported to work at the MBUSI facility, and that he was paid on an hourly basis. Averitt denies that Mr. Goff's average weekly hours worked on his route assignment at the time of his termination fell within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Goff.  Averitt admits the allegations in this paragraph regarding Mr. Goff's route assignment at the time of his termination. Averitt admits that Mr. Goff was not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

43.    Averitt admits that Mr. Harris is currently employed by Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, that he is not paid overtime for hours worked over 40 during a workweek, and that his current route assignment does not require him to cross interstate lines.  Averitt also admits that

the average hours worked per week by Mr. Harris in his current route assignment fall within the range set forth in this paragraph. Averitt denies the remainder of the allegations in this paragraph.

44.    Averitt admits that Mr. Cash works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis. Averitt denies that on his current route assignment Mr. Cash works an average number of hours per week which falls within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Cash. Averitt admits the allegations in this paragraph regarding Mr. Cash's current route assignment. Averitt admits that Mr. Cash is not paid overtime for hours worked over 40 during a workweek. All allegations in this paragraph inconsistent with the foregoing are denied.

45.    Averitt admits that Mr. Smoot works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis. Averitt admits that on his current route assignment Mr. Smoot typically works within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records

reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Smoot.  Averitt denies that Mr. Smoot's current route assignment does not require him to leave MBUSI's facility. Averitt admits that Mr. Smoot is not paid overtime for hours worked over 40 during a workweek. All allegations in this paragraph inconsistent with the foregoing are denied.

46.    Averitt admits that Ms. Spigner works for Averitt as a MBUSI driver, that she reports to work at the MBUSI facility, and that she is paid on an hourly basis.  Averitt denies that on her current route assignment Ms. Spigner typically works within the range of hours per week set forth in this paragraph, and further avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Ms. Spigner.  Averitt admits the allegations in this paragraph regarding Ms. Spigner's current route assignment. Averitt admits that Ms. Spigner is not paid overtime for hours worked over 40 during a workweek. All allegations in this paragraph inconsistent with the foregoing are denied.

47.    Averitt admits that Mr. Travis works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis.  Averitt denies that on his current route assignment Mr. Travis typically works within the range of hours per week set forth in this paragraph, and further

avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Travis.  Averitt admits the allegations in this paragraph regarding Mr. Travis's current route assignment, except that Mr. Travis's current route assignment also includes a run with a roundtrip of approximately 40 miles. Averitt admits that Mr. Travis is not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

48.    Averitt admits that Mr. Bolden works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis.  Averitt admits that on his current route assignment Mr. Bolden typically works within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Bolden.  Averitt denies the allegations in this paragraph regarding Mr. Bolden's current route assignment, except that Averitt admits that Mr. Bolden's current route assignment does not take him across interstate lines. Averitt admits that Mr. Bolden is not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent

with the foregoing are denied.

49.     Averitt admits that Mr. Pruitt works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis.  Averitt admits that on his current route assignment Mr. Pruitt typically works within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Pruitt.   Averitt admits the allegations in this paragraph regarding Mr. Pruitt's current route assignment. Averitt admits that Mr. Pruitt is not paid overtime for hours worked over 40 during a workweek.   All allegations in this paragraph inconsistent with the foregoing are denied.

50.     Averitt admits that Mr. Banks works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis.  Averitt denies that Mr. Banks does not leave the MBUSI facility. Averitt admits that Mr. Bank's current route assignment does not take him across interstate lines. Averitt admits that on his current job assignment Mr. Banks typically works within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI

drivers, including Mr. Banks.  Averitt admits that Mr. Banks is not paid overtime for hours worked over 40 during a workweek.  Allegations in this paragraph inconsistent with the foregoing are denied.

51.   Averitt admits that Mr. Turner works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis.  Averitt admits that on his current route assignment Mr. Turner typically works within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Turner.  Averitt admits the allegations in this paragraph regarding Mr. Turner's current route assignment. Averitt admits that Mr. Turner is not paid overtime for hours worked over 40 during a workweek.  All allegations in this paragraph inconsistent with the foregoing are denied.

52.   Averitt admits that Mr. Ervin works for Averitt as a MBUSI driver, that he reports to work at the MBUSI facility, and that he is paid on an hourly basis. Averitt admits that on his current route assignment Mr. Ervin typically works within the range of hours per week set forth in this paragraph, but avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all

MBUSI drivers, including Mr. Ervin.   Averitt denies the allegations in this paragraph regarding Mr. Ervin's current route assignment. Averitt admits that Mr. Ervin is not paid overtime for hours worked over 40 during a workweek.   All allegations in this paragraph inconsistent with the foregoing are denied.

53.   Averitt admits that Mr. Harris worked for Averitt as a MBUSI driver up until the time of his termination on or about February 16, 2007, that he reported to work at the MBUSI facility, and that he was paid on an hourly basis. Averitt is without sufficient information to admit or deny that Mr. Harris typically worked within the range of hours per week on the route to which he was assigned at the time of his termination, but avers that all MBUSI drivers are required to record their time worked and these records reflect the exact number of hours worked during each week of employment by all MBUSI drivers, including Mr. Harris. Averitt is without sufficient information to admit or deny the allegations in this paragraph regarding Mr. Harris's route assignment at the time of his termination. Averitt admits that Mr. Harris was not paid overtime for hours worked over 40 during a workweek. All allegations in this paragraph inconsistent with the foregoing are denied.

**Class Allegations**

54.   Averitt admits that it provides in-bound transportation services to

companies other than MBUSI, that some of its employees involved in providing such services transport equipment or inventory from a supplier or a warehouse to a production facility in the same state, and that some of its employees involved in providing such services are paid on an hourly basis.  Averitt denies the remainder of the allegations in this paragraph.  Averitt further denies that the plaintiffs and putative plaintiffs in this action are representative of a class of similarly situated employees, and that this case is appropriate for certification as a collective action pursuant to 29 U.S.C. 216(b).

55.    Averitt admits that the individuals listed in the caption of the Amended Complaint seek to represent a class of employees as described in this paragraph, but deny that any such class of similarly situated employees exists, insofar as drivers employed by Averitt in the state of Alabama—including the MBUSI drivers—work under a variety of circumstances, including differing route assignments and job duties.  Averitt further denies that all of the individuals referenced in the Amended Complaint are listed in the caption of the Amended Complaint, and denies any characterization of individuals not listed in the caption of the Amended Complaint as "plaintiffs" in this action.  Averitt further denies that all of the individuals referenced in the Amended Complaint have filed signed authorizations with the Court consenting to be part of this action, and denies any

characterization of such individuals as plaintiffs in this action and/or members of a putative class of similarly situated employees represented by the named plaintiffs in this action. Averitt denies the remainder of the factual allegations in this paragraph, and further denies that this case is appropriate for certification as a collective action pursuant to 29 § U.S.C 216(b). .

## COUNT I

56.    The paragraph does not require a response.

57.    Averitt admits that it does not pay the MBUSI drivers overtime for hours worked over 40 in a workweek. Averitt denies the remainder of the allegations in this paragraph.

58.    Averitt denies the allegations in this paragraph.

59.    Averitt denies that plaintiffs are entitled to the requested relief.

60.    This paragraph does not require a response.

WHEREFORE, Defendant respectfully requests that this action be dismissed, with costs attendant thereto taxed to the Plaintiffs.

s/ Kara E. Shea
Kara E. Shea (BPR #18221)
Thomas Anthony Swafford (BPR #17578)
MILLER & MARTIN PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219
615/244-9270 / (615) 256-8197 (fax)
e-mail: tswafford@millermartin.com
e-mail: kshea@millermartin.com

Richard F. Ogles (ASB-8420-L73R)
OGLE, LILES & UPSHAW, LLP
600 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
P.O. Drawer 1865
Birmingham, Alabama 35201-1865
(205) 521-7000 / (205) 521-7007 (fax)
e-mail: roglefilings@ogleliles.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard R. Rouco, Esquire
Glen M. Connor, Esquire
Ashley L. McDavid, Esquire
Whatley, Drake & Kallas, LLC
2323 Second Avenue North
Post Office Box 10647
Birmingham, Alabama 35203
e-mail: ecf@whatleydrake.com

s/ Kara E. Shea
Kara E. Shea