FILED
2008 Aug-18 PM 06:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"

FMCSA Jurisdiction to Regulate the Qualifications and Maximum Hours of Service of CMV Drivers
February 8, 2000

Acting Deputy Administrator - MCE-10

Area Administrators
State Directors

**Purpose**

On July 6, 1999, I issued a memorandum to all field offices concerning the authority of the Office of Motor Carrier and Highway Safety (OMCHS) to regulate the qualifications and maximum hours of service of commercial motor vehicle (CMV) drivers who operate both in interstate and intrastate commerce. Concerns about that memo have been expressed by (1) State agencies uncertain about its implications for the Motor Carrier Safety Assistance Program (MCSAP) (specifically, the tolerance guidelines for States' intrastate hours-of-service regulations); (2) motor carriers trying to determine whether Federal or State safety regulations would apply to intrastate trips made by drivers who also handled interstate runs; and (3) FMCSA field office personnel.

After considering the issues raised by the July memo, I have decided to change the policy of the FMCSA. This memorandum explains when the agency will exercise jurisdiction over intrastate operations of motor carriers and drivers that sometimes operate interstate.

**Background**

The statutes on which most of the Federal Motor Carrier Safety Regulations (FMCSRs) are based apply only to "interstate commerce." The extent of the jurisdiction conferred by that term has been decided by the Federal courts in a long series of cases. Most of the motor carrier cases analyzing "interstate commerce" involve disputes about overtime pay under the Fair Labor Standards Act (FLSA). The FLSA exempts employers from the requirement to pay overtime to any employee "with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" under the Motor Carrier Act of 1935 (i.e., 49 U.S.C. 31502). Since the 1935 Act applies only to "interstate commerce," the courts have had to determine whether drivers not currently operating across State lines may nonetheless be subject to the "power" of the Secretary, and thus not entitled to overtime pay.

In 1981 the Federal Highway Administration (FHWA), on behalf of its Bureau of Motor Carrier Safety, published a notice in the Federal Register (46 FR 37902, July 23, 1981) discussing the more important FLSA cases and interpreting its "jurisdiction to regulate the qualifications and maximum hours of service of commercial motor vehicle drivers engaged in interstate or foreign commerce." The notice summarized the conclusions of these cases as follows:

> If in the regular course of employment a driver is, or could be, called upon to transport a shipment in interstate commerce the driver would be subject to the FHWA's jurisdiction under 49 U.S.C. 304 [i.e., the Motor Carrier Act of 1935, now codified at 49 U.S.C. 31502]. 49 U.S.C. 304 provides the authority to regulate the qualifications and maximum hours of service of employees and safety of operation and equipment of common carriers, contract carriers, private carriers of property, and carriers of migrant workers. . . . These cases establish the basic tests for determining whether a driver is subject to Federal jurisdiction under 49
>
> U.S.C. 304. They hold that even a minor involvement in interstate commerce as a regular part of an employee's duties will subject that employee to the jurisdiction of the FHWA. In two of the cases mentioned, "Morris v. McComb" [332 U.S. 422, Supreme Court, 1947] and "Starrett v. Bruce" [391 F.2d 320 (10th Cir. 1968)], the courts found jurisdiction over drivers even though those drivers had not driven at all in interstate commerce. The findings of jurisdiction were based on the probability of those drivers being assigned to interstate runs in the regular course of their employment.

The 1981 notice reached the following conclusion:

> The FHWA view is that in order to establish jurisdiction under 49 U.S.C. 304 [now 49 U.S.C. 31502] the carrier must be shown to have engaged in interstate commerce within a reasonable period of time prior to the time at which jurisdiction is in question. The carrier's involvement in interstate commerce must be established by some concrete evidence such as an actual trip in interstate commerce or proof, in the case of a "for hire" carrier, that interstate business had been solicited. If jurisdiction is claimed over a driver who has not driven in interstate commerce, evidence must be presented that the carrier has engaged in interstate commerce and that the driver

could reasonably have been expected to make one of the carrier's interstate runs. Satisfactory evidence would be statements from drivers and carriers, and any employment agreements.

Evidence of driving in interstate commerce or being subject to being used in interstate commerce should be accepted as proof that the driver is subject to 49

U.S.C. 304 for a 4-month period from the date of the proof. The FHWA believes that the 4-month period is reasonable because it avoids both the too strict week-by-week approach and the situation where a driver could be used or be subject to being used once and remain subject to jurisdiction under 49 U.S.C. 304 for an unlimited time.

Although the notice of interpretation was never included in the Code of Federal Regulations, the FHWA summarized it in the Regulatory Guidance for the FMCSRs published on April 4, 1997 (Q. 24 under Part 390, 63 FR 16370, at 16406).

Despite the 1981 and 1997 publications, the Office of Motor Carriers (OMC) and the OMCHS never applied the so-called 4-month rule, or at least not universally. My July 6 memorandum was designed to create a new, consistent policy for OMC. As mentioned above, however, it has created more problems than it resolved. I am therefore issuing this document to establish a new national policy for the FMCSA.

## National Policy

Safety is the highest priority of the FMCSA. Enforcement of the hours of service regulations is a critical part of that mandate. Drivers who operate in interstate commerce must be in compliance with 49 C.F.R. Part 395 before, during and after interstate trips. Although the case law discussed in the 1981 notice of interpretation clearly supports an assertion of jurisdiction over a driver for four months after a single interstate trip, a 4-month rule is not necessary to prevent fatigue. The rules in Part 395 control hours of service in periods of either 7 consecutive days (if the carrier does not operate every day of the week) or 8 consecutive days (if the carrier operates every day of the week). Because compliance with Part 395 during the 7- or 8-day period before and after an interstate trip will keep driver fatigue within manageable bounds, the FMCSA will replace the 4month rule with a 14/15-day rule.

1. Any driver who begins a trip in interstate commerce must continue to meet the requirements of 49 CFR 395.3(a) and (b) through the end of the next 7 to 8 consecutive days, depending on which rule the motor carrier operates under.

    The driver must continue to comply with the requirements of 49 CFR Part 395, even if he/she operates exclusively in intrastate commerce for the remainder of the 60/70 hour period (i.e. 7-8 day schedule) at the end of the interstate trip. The driver must also continue to comply with the 10- and 15-hour rules as well as the 60- or 70-hour rules for the remainder of that day, and the following 7 days (if the 60-hour rule was applicable) or 8 days (if the 70-hour rule was applicable).

    A driver who begins a trip in interstate commerce in a CMV must have in his/her possession a copy of records of duty status for the previous 7 consecutive days, as required by 49 CFR 395.8(k)(2) *unless they meet 49 CFR 395.1(e)*, even if the driver operated only in intrastate commerce during that 7-day period. During the 7-day period prior to the interstate trip the driver **may** follow the state regulations applicable to intrastate commerce with regard to the states' CMV driving and on-duty requirements.

1. FMCSA investigators should cite drivers for violations of the 10- or 15-hour rules or the 60- or 70-hour rules that are committed while on the interstate trip or during the 7 or 8 days after completing the interstate trip (depending on which rule the motor carrier operates under).
2. The driver remains subject to Part 395 for 7 or 8 days after a trip in interstate commerce even if he/she drives only in intrastate commerce for that period. Violations of the policies stated here which are discovered during compliance reviews should be treated like any other violations of the FMCSRs in determining the motor carrier's safety rating and enforcement action may be taken.
3. The MCSAP Tolerance Guidelines in Appendix C to 49 C.F.R. Part 350 are unchanged. This policy statement simply clarifies the difference between Paragraphs 2 and 3 of the Guidelines, i.e., between the type of trips subject to Federal jurisdiction, as opposed to those subject only to State jurisdiction.

The FMCSA does not disagree with the legal conclusions the FHWA reached in the 1981 notice of interpretation. However, in the interest of simplicity and workability, I have decided to replace the so-called 4-month rule with a 14/15-day rule. If you have questions about this new policy, please contact Gary Golas at (202) 366-2948.

Previously signed by